FILED
December 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003141697

1  EDDIE R. JIMENEZ (CA SBN 231239)
   MATTHEW R. CLARK (CA SBN 271054)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385
5
6  Attorneys for   THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK
                AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS
7               TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II
                INC. BEAR STEARNS ALT-A TRUST 2005-10, MORTGAGE PASS-
                THROUGH CERTIFICATES, SERIES 2005-10
8
9
                    UNITED STATES BANKRUPTCY COURT
10
            EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION
11

| In re | Case No. 09-40797 |
|---|---|
| JEFFREY W. GOLD AND MONIKA A GOLD, | Chapter 13 |
| Debtor(s). | D.C. No. PD-1 |
| | DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2005-10, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10, | LBR 4001-1 and 9014-1(f)(1) |
| | DATE:      January 18, 2011<br>TIME:      1:00 p.m.<br>CTRM:      33 |
| Movant, | 501 "I" Street<br>Sacramento, CA 95814 |
| vs. | |
| JEFFREY W. GOLD AND MONIKA A GOLD, Debtor(s); LAWRENCE J. LOHEIT, Chapter 13 Trustee, | |
| Respondents. | |

/././

- 1 -

000082-067484-M                                                     09-40797

I, Teresa Diaz-Cochran, declare:

1. I am employed as a BK Analyst by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc doing business as America's Servicing Company". I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10's ("Movant") interest in the real property that is the subject of this Motion.

2. I am employed by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc doing business as America's Servicing Company", the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant.

3. I am familiar with the manner and procedures by which America's Servicing Company's business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by America's Servicing Company's employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to America's Servicing Company's business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

4. On or about October 3, 2005, Debtors, for valuable consideration, made, executed and delivered to Union Federal Bank of Indianapolis ("Lender") a Note in the principal sum of $250,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing December 1, 2005, and continuing until November 1, 2035, when all outstanding amounts are due and payable. A copy of the Note is attached to the

1 concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From
2 Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

3     5.    Movant qualifies as the Note Holder and is entitled to payments under the Note.

4     6.    On or about October 3, 2005, Debtors made, executed and delivered to Lender a
5 Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property
6 located at 6529 Sun Ranch Drive, Sacramento, California 95823 ("Real Property"), which is more
7 fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs
8 incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance
9 under the Note. The Deed of Trust was recorded on October 7, 2005, in the Official Records of
10 Sacramento County, State of California. A copy of the Deed of Trust is attached to the Exhibits as
11 exhibit B and incorporated herein by reference.

12     7.    Subsequently, Lender's beneficial interest in the Note and Deed of Trust was assigned
13 and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the
14 Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated
15 herein by reference.

16     8.    As the loan servicer, America's Servicing Company acts as an agent for Movant and
17 is responsible for the administration of the loan until the loan is paid in full, assigned to another
18 creditor, or the servicing rights are transferred. Administering the loan includes sending monthly
19 payment statements, collecting monthly payments, maintaining records of payments and balances,
20 collecting and paying taxes and insurance (and managing escrow and impound funds), remitting
21 monies tendered under the Note to Movant, following up on loan delinquencies, home loan
22 workouts and home retention programs, and other general customer service functions. Further, in the
23 event of a default under the terms of the Note or Deed of Trust, America's Servicing Company is
24 authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the
25 Deed of Trust.

26     9.    The Debtors are in default of their obligations under the Note for failure to make
27 payments as of October 1, 2010. As of November 30, 2010, the total amount owing under the Note
28 is the approximate sum of $253,841.53, representing the principal balance in the amount of

1  $250,439.98, interest in the sum of $2,947.23, escrow advances in the amount of $59.32, and
2  recoverable balance in the amount of $395.00. Further, Movant has incurred additional post-petition
3  attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes
4  of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and
5  additional advances may come due subsequent to the filing of the Motion. An exact payoff amount
6  can be obtained by contacting Movant's counsel.

7  10.  Movant has not received the post-petition payments owing for October 1, 2010
8  through December 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the
9  approximate sum of $3,520.00, consisting of two (2) payments in the amount of $1,382.26, and one
10 (1) payment in the amount of $756.17, excluding the post-petition attorneys' fees and costs incurred
11 in filing the instant Motion. A copy of the post-petition payment accounting pursuant to Local Rule
12 4001(d)(1) is attached to the Exhibits as exhibit D and incorporated herein by reference.

13 11.  Pursuant to L.B.R. 4001(d)(2), on November 30, 2010, Movant caused a letter to be
14 sent to Debtors' counsel and the Chapter 13 Trustee advising of the default, and providing an
15 opportunity to cure the default. A copy of the default letter is attached to the Exhibits as exhibit E
16 and incorporated herein by reference.

17 12.  I am informed and believe that, based on the Debtors' bankruptcy Schedules, the fair
18 market value of the Real Property is no more than $126,000.00. Copies of Debtors' bankruptcy
19 Schedules A and D are collectively attached to the Exhibits as exhibit F and incorporated herein by
20 reference.

21 13.  Based on the above, under the best case scenario, Movant is informed and believes
22 that the equity in the Real Property is as follows:

|                           |              |
|---------------------------|--------------|
| Fair Market Value:        | $126,000.00  |
| Less:                     |              |
| Movant's Trust Deed       | $253,841.53  |
| Wff Cards's Credit Line   | $20,383.00   |
| Costs of Sale (8%)        | $10,080.00   |
| Equity in the Property:   | $<158,304.53> |

27 /././
28 /././

- 4 -

000082-067484-M                                                                    09-40797

1  /./.

2  I declare under penalty of perjury under the laws of the United States of America that the
3  foregoing is true and correct. Executed this ___8___ day of ___12___, 2010, at
4  Fort Mill, South Carolina.

_____
Teresa Diaz-Cochran
Bankruptcy Analyst